# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

RAYMOND HUBERTS, MCKAYELA )
FAYE HUBERTS, UNBORN BABY )        Case No. 2:25-cv-147
HUBERTS, and ENDURING LIGHT )
MISSIONARIES, )
 )                                 Judge Travis R. McDonough
 )
        *Plaintiffs*, )            Magistrate Judge Cynthia R. Wyrick
 )
v. )
 )
GREENE COUNTY SHERIFF, GREENE )
COUNTY JAIL MEDICAL UNIT, )
GLENN YOUNGKIN, ARLINGTON )
COUNTY POLICE DEPARTMENT, )
VIRGINIA MEDICAL CENTER, )
COMMONWEALTH OF VIRGINIA, )
ARLINGTON COUNTY (VA) PUBLIC )
DEFENDERS OFFICE, MEDECO CORP., )
and HERSELIE DAVALLE HENDRIX, )
 )
        *Defendants*. )

---

### MEMORANDUM & ORDER

---

Plaintiff, an inmate in the Arlington County Correctional Center who was previously confined in the Greene County Jail, filed a pro se complaint for violation of U.S.C. § 1983 asserting that incidents related to his Arlington County and Greene County confinements violated his constitutional rights, as well as the rights of his wife, unborn child, and ministry (Doc. 2), a motion for leave to proceed *in forma pauperis* (Doc. 1), his inmate account documents (Doc. 6), and numerous other motions and notices (Docs. 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18).

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 1) will be **GRANTED**. Also, as all of Plaintiff's allegations regarding

incidents that may have occurred in this District fail to state a claim for which relief may be granted under § 1983, all claims arising out of those incidents and all individuals and entities Plaintiff seeks to hold liable for those incidents will be **DISMISSED**. And as Plaintiff's only remaining allegations after the dismissal of these claims, individuals, and entities will arise out of incidents that mainly occurred within the Eastern District of Virginia, the Court will transfer the remainder of this action to that Court.

## I. FILING FEE

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. *See* 28 U.S.C.§ 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. *See* 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

2

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Finally, a claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## III. ALLEGATIONS

As set forth above, Plaintiff's claims arise out of incidents related to his Arlington County and Greene County confinements. (*See generally* Doc. 2.) However, the Court's review

3

of all filings in this case establishes that the only incidents in those filings that could possibly be related to this Court's District fail to state a plausible claim for violation of § 1983.  Thus, for purposes of judicial efficiency, the Court will only summarize Plaintiff's allegations that are related to incidents in this District before stating why those allegations fail to state a plausible claim for § 1983 relief and transferring the rest of this action to the United States District Court for the Eastern District of Virginia.

In his complaint, Plaintiff asserts that during his visits to the medical unit of an unspecified correctional facility, "nurse Marilyn" would obtain "confidential informant info on [] murders, drugs, sex-trafficking interstate, I-95 Florida trips from Miami coming into Tenn, Virginia, the Carolinas & guns (from Central Amer.) heading toward D.C." from him, and she would also make derogatory comments and racial slurs about his wife.  (Doc. 2, at 4.)  Plaintiff further claims that, according to Arlington County police notes, "nurse Marilyn" referred to Plaintiff as a "[big time pimp] in California," which was a reference to him owning massage parlors, and stated that Plaintiff "like[s] 'um' young."  (*Id.*)  Plaintiff then states that "these horrible times with Marilyn [and] various Greene County Tenn. deputies" were "harassment" that he characterizes as "unconscionable cruel [and] unusual torture—[f]ailure to uphold professional ethical standards—[d]ereliction of duty—grossly unethical, acting in planned, wanton reckless (with malice) to inflict psychological damage and to actively despise [him]" and his spouse.  (*Id.*)  Plaintiff additionally asserts that these statements were "a planned attack and callous defamation of character" and that statements in "official Greene County and Arlington County (VA) reports" were "classic government intrusion" into his marriage and hopes for a child, as well as "slanderous and libelous" to him, his wife, their baby, and his and his wife's

4

ministry. (*Id.* at 4–5.) Based on these allegations, Plaintiff seeks to hold Defendant Greene County Medical Unit liable under § 1983. (*Id.* at 5.)

Plaintiff then makes allegations against Defendants he specifies are from Virginia, namely Virginia Governor Youngkin, the Arlington County Police Department, the Arlington County Sheriff, the Arlington Hospital, the Commonwealth Prosecution, and a Public Defender Office. (*Id.* at 5–9.)

Next, Plaintiff makes allegations against Defendants Medeco and Hendrix. As to Defendant Medeco, Plaintiff alleges that this Defendant "cheapened [his] medical care, drugs, overturned doctor's orders, prescriptions etc. [and] allowed dangerous use of nitro[][g]lycerin" and is from Delaware. (*Id.* at 7–8.) As to Defendant Hendrix, Plaintiff states that she "used her enormous wealth to alienate [his] children from [him], defame [his] character, and callously cause loss of consortium to [his] family" and is from Florida. (*Id.*)

Additionally, in a motion in which Plaintiff seeks a preliminary injunction against various entities, including in relevant part the Greeneville City Police Department, the Greeneville County Jail Medical Unit, a public defender in this District, a law firm in this District, and two elected officials in this District, Plaintiff makes claims regarding, in relevant part, the illegal nature of the criminal proceedings against him, which he generally attributes in part to criminal actions by various entities, including the Greeneville County Jail Medical Unit and a law firm in this District, as well as entities in Arlington, Virginia. (*See* Doc. 15.)

Moreover, in a document in which Plaintiff appears to seek to supplement his complaint, Plaintiff states in relevant part that Arlington County Jail officials made threats to kill him and stated that individuals associated with the Army Reserve and National Guard Armory in Sullivan

County, Hamblen County, Hawkins County, and Kingsport, Tennessee would assist them in doing so.  (*See* Doc. 16, at 5–6.)

Plaintiff's complaint names the Greene County Sheriff, the Greene County Jail Medical Unit, Virginia Governor Youngkin, the Arlington County, Virginia Police Department, the Arlington County, Virginia Sheriff, the Virginia Medical Center, the Arlington County Office of the Commonwealth of Virginia, the Arlington County, Virginia Public Defender Office, Medeco Corporation, and "Herselie Duvall Hendrix" as Defendants.  (*See* Doc. 2, at 9.)

## IV.    ANALYSIS

### A.    Greene County Sheriff and Greene County Jail Medical Unit

First, while Plaintiff has sued the Greene County Sheriff and the Greene County Jail Medical Unit, these entities are not subject to suit under § 1983.  *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983") (citation omitted)); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("[I]n Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citations omitted)).

Additionally, even if the Court could liberally construe Plaintiff's filings to assert claims against Greene County (as an entity subject to suit under §1983 and the municipality responsible for the Greene County Sheriff and the Greene County Jail Medical Unit), none of Plaintiff's filings contain facts that allow the Court to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against it.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

As such, these Defendants are **DISMISSED**, and this action will not proceed against Greene County.

### B. Medeco

As Plaintiff's allegations regarding Medeco are conclusory and do not contain facts that allow the Court to plausibly infer that any custom or policy of Defendant Medeco cause a violation of his constitutional rights, they fail to state a claim for relief under § 1983 as to this private entity. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding that to prevail on a § 1983 claim against a private company acting under color of state law, the plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). As such, this Defendant is **DISMISSED**.

### C. Hendrix

Plaintiff sets forth no facts suggesting that Defendant Hendrix was acting under color of state law when she performed any of the acts alleged in the complaint, as required to state a claim upon which relief may be granted under § 1983 against her.[1] As such, Defendant Hendrix is also **DISMISSED**.

---

[1] As set forth above, in a document in which Plaintiff appears to seek to supplement his complaint, Plaintiff states in relevant part that Arlington County Jail officials made threats to kill him and stated that individuals associated with the Army Reserve and National Guard Armory in Sullivan County, Hamblen County, Hawkins County, and Kingsport, Tennessee would assist them in doing so. (*See* Doc. 16, at 5–6.) It does not appear that Plaintiff seeks to hold any entity in this District liable for these statements. But even if he does, these statements likewise do not allow the Court to plausibly infer that any entity subject to liability under § 1983 in this District has violated his constitutional rights while acting under color of state law.

7

### D. Law Firm and Public Defender

As set forth above, in his motion for injunctive relief, Plaintiff seeks injunctive relief against and makes general allegations regarding a public defender and law firm from this District, among others from Virginia, for being responsible for the improper criminal proceedings against him. (Doc. 15.) But to the extent this filing can be liberally construed to assert claims for § 1983 relief against the public defender and law firm in this District, nothing in Plaintiff's filings suggests that either of these entities acted under color of state law in any relevant way, especially as the Supreme Cout has specified that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). As such, to the extent Plaintiff seeks to assert any claims for violation of § 1983 against this public defender and law firm from this District in this filing, they are **DISMISSED**.

### E. Remaining Allegations

As the Court has now dismissed all of Plaintiff's claims that may have occurred in this District, all of the claims remaining herein arise out of incidents in Virginia, and the only named Defendants remaining herein are also from Virginia, namely Virginia Governor Youngkin, the Arlington County Police Department, the Arlington County Sheriff, the Virginia Medical Center, the Arlington County Office of the Commonwealth of Virginia, the Arlington County Public Defender Office. The general venue statute for federal district courts provides in relevant part as follows:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

8

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).

As most, if not all, of the remaining events underlying Plaintiff's filings occurred in Arlington County, Virginia, which is located within the United States District Court for the Eastern District of Virginia, *see* 28 U.S.C. § 127(a), that is the proper venue for the remainder of this case.  *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).  Accordingly, the Court will transfer the remainder of this action to that Court.

## V.      CONCLUSION

For the reasons set forth above:

1.  Even liberally construing Plaintiff's filings in his favor, they fail to state a claim upon which relief may be granted under § 1983 as to any incidents that may be related to this District;

2.  Accordingly, Plaintiff's claims related to this District and Defendants Greene County Sheriff, Greene County Jail Medical Unit, Medeco, and Hendrix, as well as all individuals and entities from this District mentioned in Plaintiff's other filings, are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3.  The Clerk is **DIRECTED** to transfer the remainder of this action to the United States District Court for the Eastern District of Virginia and to close this Court's file.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

10